[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION TO COMPEL
The plaintiff is an engineer who worked for the defendant who claims the defendant Northeast Utilities "harassed him constructively and discharged him in retaliation for his role in reporting nuclear safety concerns to the Nuclear Regulatory Commission." (NRC).
The NRC investigated the harassment aspect of this matter and according to the plaintiff produced a report with many exhibits. These documents are now the subject of the discovery request. In addition to the discovery request in our court, the plaintiff has filed a request for the report and exhibits from the NRC under the Federal Freedom of Information Act 5 U.S.C. § 552. The defendant has filed objections to the release of the information pursuant to the act and the NRC is now considering these objections.
The plaintiff has advanced several arguments asserting that the defendant has waived its right to object to this CT Page 7674 discovery because of its failure to comply with our rules of practice. There is much to be said for the plaintiff's argument on the other hand there may have been an element of honest confusion on the defendant's part as to the nature of the discovery requested. On the other hand it does not appear any actual prejudice will result to the plaintiff if the defendant's objections are heard on the merits so the court will do so. The court will not impose sanctions in this case.
The defendant does not and certainly cannot claim that the items and documents requested are not "material to the subject matter involved in the pending action" and it certainly seems true that these items are "reasonably calculated to lead to the discovery of admissible evidence." P.B. § 218.
The documents which are the subject of dispute are internal documents prepared by the defendant management and also include documents the defendant procured from its employees. All of these documents were submitted to the NRC by the defendant and as noted formed the basis of that agency's decision. The defendant also has copies of these materials in its possession.
The defendant's first stated ground for opposing this discovery is that a request for these documents has already been made for them under the FOIA, 5 USCS § 552. Connecticut discovery procedure should somehow be put on hold while the plaintiff pursues an alternative means to get documents which he is entitled to procure anyway under our rules of practice. Nothing in the Federal Freedom of Information Act would require such an odd result and there are no claims of some federal supremacy requirement that would prevent the release of these documents. The FOIA request is directed to the agency and it will make its decision in light of the defendant's objections based on the proper scope and requirements of the federal act which requires federal agencies like the NRC to deliver documents in their position to people that request them. That procedure has nothing to do with the propriety of the plaintiff's request under our rules of practice. There is no claim here that the policies of the NRC itself would be interfered with and its regulatory mission compromised if the documents were turned over especially since the administrative hearing before the NRC has already been held. Considering the nature of the complaint that was made CT Page 7675 before it, it would be unlikely that the NRC could make such a claim given its role in protecting the public which it presumably effectuated by having conducted these hearings.
The defendant makes a passing reference to the attorney-client privilege as an added reason why at least some if not all the documents should not be turned over to the plaintiff. This privilege must be strictly construed however since it prevents full disclosure. Turner's Appeal, 72 Conn. 305
(1899). If a court is to make those balancing of interest judgments necessary to a proper ruling when the privilege has been asserted, something more is necessary than the bare record presented by the defendant in this case, cf State v.Cascone, 195 Conn. 183, 188 (1985).
Furthermore these documents were apparently delivered to a third party, the NRC, by the defendant which would prevent the assertion of the privilege because the appropriate finding of confidentially cannot be made, State v. Gordon, 197 Conn. 413,423 (1985). As far as the court knows these documents were voluntarily submitted to the NRC to defend itself against harassment complaints. But even if the disclosures made to the NRC and the preparation of these documents were somehow compelled by federal regulatory law that would not allow the defendant to argue that the privilege could still be claimed because the breach of confidentiality was a forced one., cfColton v. U.S., 306 F.2d 633, 638 (CA2, 1962) where in dictum the court noted for example that in cases where an attorney prepares a tax return for an individual required to file one — my addition but factually true — much of the information given the lawyer by the client is not intended to be confidential but given to the lawyer for transmission to the I.R.S. Therefore the court reasoned the attorney-client privilege could not be asserted.
The defendant also cites the case of Critical Mass. EnergyProject v. NRC, 975 F.2d 871, (D.C. Cir., 1992) which held that financial or commercial information provided to a government agency on a voluntary basis is "confidential" for purposes of the federal FOIA's disclosure exemption for confidential trade secrets or commercial or financial information if it is the kind of information that would customarily not be released to the public by the company or person from whom it was obtained. Relying on this case the defendant urges the recognition of a "self-critical analyses privilege" which it claims the court CT Page 7676 should apply to prevent discovery of the material requested in this matter.
But this is not a request to the FOIA to order the NRC to deliver documents to the plaintiff. This is a request by the plaintiff to secure documents material to his case from a defendant who has the documents in its possession. A party's claim that it only delivered documents, some of which contained trade secrets or confidential business information to a federal agency on the understanding that they would be treated as "confidential" certainly presents a good reason to bar operation of the FOIA when requests from the general public or various interest groups request the documents in question.
This reasoning, however, can not serve as a basis to bar discovery to a particular and identifiable plaintiff who claims under Connecticut discovery procedure he or she is entitled to those documents because they are material to its cause of action and its prosecution. And again the defendant has not adequately articulated a claim that release of these documents given the circumstances of the NRC hearings would in any way compromise the NRC handling of these matters impinge on its regulatory role or discourage full and frank disclosure of safety problems by the industry to the NRC. For all the court knows these documents were submitted by the defendant merely to defend itself in a harassment claim before the NCR — it could have submitted or not submitted the documents as it saw fit. Thus their submission to the agency had nothing to do with any general agency regulatory concern — that is, the documents and safety reports submitted to the NRC in theCritical Mass case were voluntarily submitted so that the agency could perform its role of ensuring the safety of the nuclear energy industry. Nothing has been submitted by the defendant to indicate the NRC could not have access to the same information submitted in these documents through its regular supervisory activities or requests for information from the industry.
Finally the defendant raises concerns about the personal privacy of the people who prepared these reports. But again the defendant has not in any way defined the nature of this confidential interest. However, out of perhaps an excess of caution the court would grant a protective order to protect any valid interest defendant has as regards this concern. The CT Page 7677 plaintiff does not seem to oppose such a resolution and has suggested a reasonable method of protecting privacy interests. If the parties cannot agree on a way to resolve this concern the matter should be returned to court.
The defendant has also filed a motion for a protective order. In that request it asks the court to review certain documents in camera because they are protected by the attorney-client privilege and the so-called self-critical analysis privilege. The court believes the attorney-client privilege has been waived since the documents were delivered a third party, the NRC. Also for the reasons stated the court does not accept the existence of a so-called self-critical analysis privilege in the circumstances of this case.
Under these circumstances the court could not see that any purpose would be accomplished by making an in camera inspection with these privileges in mind.
In its request for a protective order the defendant also raises concerns about certain confidential business matters being released and as to all discovery requests that all documents be returned to the defendant after litigation is completed, any documents be published only to the plaintiff and counsel, and that the documents not be copied.
The court believes plaintiff's counsel has a right to discuss discovery material with not only his client but with prospective witnesses and experts in order to prepare his case.
The court will for the present impose the other requested protective orders, however. If the plaintiff has art objection to these protective orders and counsel cannot work out a mutually agreeable resolution counsel can contact the court and it will conduct an immediate hearing. Suffice it to say, however, that it is the court's intention that the defendant shall comply with discovery forthwith with the protective orders indicated. These orders shall remain in effect until and unless the parties or the court change the protective orders but that should not delay discovery.
Corradino, J. CT Page 7678